## Humphries, County Drainage Commissioner, et al. v. Johnson, et al.

(Decided May 13, 1927.)

### Appeal from Hancock Circuit Court.

1. Drains.—Petition before enactment of Acts 1926, c. 6, amending Ky. Stats., section 2380-2, to reconstruct drainage ditch signed by drainage commissioner, landowner, and latter's wife, held insufficient, where landowner owned less than 25 per cent. of land in proposed district, in view of Ky. Stats., section 2380-2.

2. Drains.—Petition to enlarge drainage district under Ky. Stats., section 2380-23, held insufficient for failure to particularly describe outlying lands included in and made part of district.

BARNES, SMITH & KIRTLEY for appellants.

H. A. BIRKHEAD, GLOVER CARY and E. P. KELLY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On September 24, 1906, a judgment was entered in the Hancock county court establishing a drainage district and ordering the construction of a drainage ditch, the district being known as "the C. C. Gabbert drainage district." The ditch followed a natural drain and passed through the lands of appellant W. F. Thrasher, who had constructed a dam across the drain forming a pond on his land. The top of the dam was used as a roadway connecting his land located on both sides of the drain. The judgment provided for the use of a 15-inch pipe to drain the overflow of the pond without injuring the pond.

In 1909 an amended judgment was entered to correct certain defects in the construction of the drain.

In 1924 the appellants, F. M. Humphries, drainage commissioner for Hancock county, and W. F. Thrasher and Sarah Thrasher, filed what is designated a supplemental petition, in which it was alleged that the title provided for by the judgment of 1906 had failed to properly take care of the water, and, as a consequence, the dam had been washed away and the pond of appellant W. F. Thrasher had been destroyed and his land flooded. It was further alleged that an assessment of 10 per centum of the original assessment against the lands in the district would not provide sufficient funds to reconstruct the ditch through the Thrasher land. Later an amended petition was filed in which it was alleged that, since the organization of the drainage district and the construction of the ditch therein, a large body of land adjacent to the original district had been drained into the ditch and no part of this land had ever contributed to the construction or maintenance of such ditch. A number of landowners, including appellees, were named, whose land, it was alleged, drained into the ditch, and the petitioners asked that the drainage district be enlarged so as to include this land and that the owners be required to contribute their proportionate and equitable parts in the cost of constructing and maintaining the ditch.

A demurrer to the supplemental petition as amended was sustained by the Hancock county court, and an appeal was taken to the Hancock circuit court, where the same proceedings were had with the same results. From the judgment dismissing the supplemental petition as amended, this appeal is prosecuted.

Section 2380-2 of the Kentucky Statutes, at the time appellants filed their supplemental petition, provided in part as follows:

> "Before the county judge shall establish, widen, straighten, deepen or construct any such levee, ditch, drain, canal, creek or water course, there shall be filed with the county clerk of such county a petition signed by not less than twenty-five per cent. (25%) of the landowners or by the owners of not less than twenty-five per cent. (25%) of the lands in the proposed district embraced in said district as shown by the petition. In such petition shall be set forth the body of land or district of land, in the county and adjoining county, or counties, proposed to be ditched, drained or leveed, described in such a way as to convey a general idea as to the location of the land, and the drainage or leveeing of same would result in public benefit or utility, or that the public health, convenience or welfare shall be promoted by the draining, ditching or leveeing of same, or by changing or improving the levee, ditch, drain, canal, creek, or water course, if already in existence, in whole or in part, and also there shall be set forth, as far as practicable, the starting point, route, terminus, and lateral branches, if any, of the proposed improvement."

By chapter 6 of the Acts of the General Assembly of 1926, section 2380-2, Kentucky Statutes, was amended so that in the case of the reconstruction of a drainage ditch the petition must be signed by at least 50 per cent. of the landowners affected, or by the owners of 50 per cent. of the land in the proposed district. The only persons other than the drainage commissioner that signed the supplemental petition were the appellants W. F. Thrasher and Sarah Thrasher. The appellant Sarah Thrasher is the wife of the appellant W. F. Thrasher, and it appears that W. F. Thrasher is the owner of the land through which the drainage ditch passes. Neither the supplemental petition nor the plat filed therewith discloses the number of acres of land owned by W. F. Thrasher, but an examination of the plat indicates that he owns less than 25 per cent. of the land in the proposed district. This being true, he could not maintain the proceeding under section 2380-2 of the Kentucky Statutes.

Section 2380-23, Kentucky Statutes, is in part as follows:

"Any drainage district, organized under the provisions of this act, may be enlarged and the boundaries extended so as to include other lands contiguous thereto, in the following manner: the board of drainage commissioners may present a petition of the corporation to the county court organizing said district, asking that the boundaries of the district be extended and such outlying lands included in and made a part of the district, particularly describing such lands and giving the names of the owners thereof."

If treated as a proceeding under this subsection, the supplemental petition, as amended, was defective, as it did not particularly describe the outlying lands included in and made a part of the district. The petition as amended names a number of owners of land who would be affected and the number of acres owned by each within the boundaries of the proposed district, but some of these owned land within the drainage area of the original ditch, and the petition alleged that other lands had been drained into the ditch, but failed to particularly describe such additional lands and for this reason was defective.

The petition as amended failed to state a cause of action under the statutes, and the lower court properly sustained a demurrer thereto.

Judgment affirmed.